IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| YAISHA HODGES, | ) | CASE NO. 1:18 CV 1031 |
| | ) | |
| Plaintiff, | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM OF OPINION** |
| AARON MCCURDY, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

*Pro se* Plaintiff Yaisha Hodges filed the above-captioned action against Aaron McCurdy, Freddie Rufus, Children Youth Services Director Joanne Van Saun, Children Youth Services Northeast Regional Director Jacqulyn Maddon, the Scranton Pennsylvania Police Department, the Wilkes Barre Police Department, BonSecours Health System, Inc., Healthy Minds, Luzerne County Court, Elmhurst Hospital, the Toledo Police Department, New York Administration for Children Services, Attorney Robert Kobinski, Bronx Defender Elizabeth Tuttle, the Social Security Administration, the Ohio Civil Rights Commission, the Toledo Branch of the United States Post Office, the United States District Court for the Southern District of New York, the Virginia District Courts, the Virginia Domestic Courts, and John Doe. Some of these Defendants were named in prior *in forma pauperis* actions Plaintiff filed in this Court. *See Hodges v. Soc. Sec. Admin.*, No. 3:17 CV 398 (naming the Social Security Administration, Freddie Rufus, the Toledo Police Department, the Toledo branch of the United States Post Office, and the Ohio Civil Rights Commission); *Hodges v. Toledo Police*, No. 3:17 CV 209 (naming the Toledo Police Department, the United States Post

Office and the Social Security Administration). As in her prior Complaints, her pleading consists entirely of random statements with no context that fail to set forth allegations or legal claims that are intelligible to the Court. Among other things, she appears to allege a litany of crimes have been perpetrated against her, including cyber-stalking, interception of her mail, telephone harassment and deprivation of social security income. She seeks monetary damages.

## Standard of Review and Analysis

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the Court is required to dismiss an *in forma pauperis* action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327.

A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the Complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the Complaint are true. *Twombly*, 550 U.S. at 555. The Plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the Defendant unlawfully harmed me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions

or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.* In reviewing a Complaint, the Court must construe the pleading in the light most favorable to the Plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

Even giving Plaintiff's Complaint the deference accorded to *pro se* pleadings, it fails to state a claim upon which relief may be granted. The rambling, vague, and conclusory assertions and sentence fragments set forth in the pleading are simply insufficient to raise a right to relief against any Defendant above the speculative level. Plaintiff failed to allege discernible facts suggesting she has any plausible federal claim against any Defendant. *Bassett v. National Collegiate Athletic Ass'n*, 528 F.3d 426, 437 (6th Cir. 2008); *Lillard v. Shelby County Bd. of Educ.*, 76 F.3d 716, 726-27 (6th Cir.1996).

## Conclusion

Accordingly, Plaintiff's Application to Proceed *In Forma Pauperis* (ECF No. 2) is granted and this action is dismissed pursuant to 28 U.S.C. §1915(e). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[1]

IT IS SO ORDERED.

_____
DONALD C. NUGENT
UNITED STATES DISTRICT JUDGE

Dated: August 14, 2016

---

[1] 28 U.S.C. § 1915(a)(3) provides:

> An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.